**Guyton PENNS, Plaintiff,**

v.

**GANNETT ROCHESTER NEWSPAPERS, Defendant.**

No. 97–CV–6021L.

United States District Court, W.D. New York.

June 10, 1997.

Guyton Penns, Rochester, NY, pro se.

J. Nelson Thomas, Nixon, Hargrave, Devans & Doyle, L.L.P., Rochester, NY, for defendant.

*DECISION AND ORDER*

LARIMER, Chief Judge.

Plaintiff, Guyton C. Penns, filed the complaint in this action on January 17, 1997. The complaint asserts a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and a cause of action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Plaintiff alleges that defendant, Gannett Rochester Newspapers, terminated his employment and took other adverse action against him on account of his race and in retaliation for his complaints of race discrimination, and because of his partial disability stemming from a back and ankle injury. Defendant has moved to dismiss plaintiff's ADA claim on the ground that plaintiff has not timely filed a claim of disability discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has not responded to the merits of the motion.[1]

Defendant's motion must be granted. The ADA expressly makes the procedural requirements of Title VII applicable to ADA claims. *See* 42 U.S.C. § 12117(a). Under Title VII, a claimant must file a charge of

---

1. The only paper submitted by plaintiff since the motion to dismiss was filed is a letter dated May 1, 1997, and filed May 8, 1997, stating that the "letter is a request to keep my case open, as I have resubmitted applications asking the court for court appointed counsel." The court denied plaintiff's motion for appointment of counsel on May 16, 1997.

discrimination with the EEOC within 300 days after the alleged discriminatory event. 42 U.S.C. §§ 2000e–5(e). When a plaintiff has not done so, the claim is time-barred. *Butts v. City of New York Dept. of Housing*, 990 F.2d 1397, 1401 (2d Cir.1993) (Title VII); *Demers v. Niagara Mohawk Power Corp.*, No. 94–CV–1277, 1996 WL 293162 *2–*3 (N.D.N.Y. May 24, 1996) (ADA).

■ In the case at bar, the alleged act of disability discrimination—plaintiff's termination—occurred on July 27, 1995. Plaintiff filed a complaint with the EEOC on June 2, 1993, but that complaint alleged only race discrimination. There was no reference whatsoever to plaintiff's disability. Although the district court may assume jurisdiction only over complaints containing allegations that are "reasonably related" to the allegations in the EEOC complaint, *see Stewart v. United States I.N.S.*, 762 F.2d 193, 198 (2d Cir.1985), plaintiff's allegations of disability discrimination clearly do not fall within the meaning of that term. *See Rodriguez v. Gary Plastic Packaging Corp.*, No. 95 CIV. 4900, 1997 WL 16665 (S.D.N.Y. Jan 16, 1997) (dismissing ADA claim since plaintiffs EEOC charge mentioned alleged only discrimination on basis of plaintiff's color and national origin, and made no reference to disability discrimination or even any health problems that plaintiff might have had). Since plaintiff has not filed a disability discrimination claim with the EEOC within 300 days of the alleged discriminatory act, his ADA claim must be dismissed.

### CONCLUSION

Defendant's motion to dismiss plaintiff's claim under the Americans with Disabilities Act (Item 6) is granted.

IT IS SO ORDERED.